UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERIBERTO PIMENTEL,

                Plaintiff,

    v.

TARGET CORPORATION, TARGET BRANDS, TARGET, TARGET STORES, INC., and KINGSBRIDGE ASSOCIATES,

                Defendants.

23-cv-8502 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Heriberto Pimentel has sued Target Corporation, Target Brands, Target, and Target Stores, Inc. (collectively, "Target") for negligence arising out of injuries he suffered when he slipped and fell while visiting a Target store in the Bronx.[1] Target has now moved for summary judgment in its favor. The Court grants Target's motion because on this record there is no genuine dispute as to any material fact and Target is entitled to judgment as a matter of law.

I. **BACKGROUND**

On May 20, 2022, Heriberto Pimentel was shopping with his wife and children at a Target store in the Bronx. (Defs.' Local Rule 56.1 Statement of Material Undisputed Facts ("Defs.' 56.1") ¶¶ 1–2, 35–40, ECF No. 24); Pl.'s Local Rule 56.1 Statement of Material Undisputed Facts ("Pl.'s 56.1") ¶¶ 1–2, 35–40, ECF No. 30); (Dep. of Heriberto Pimentel dated June 12 and July 10, 2024 at 133:2–7, Exs. C and J to Defs.' 56.1, ECF No. 24-3 and 24-10.). While there, he slipped and fell on water, injuring himself. (Defs.' 56.1 ¶¶ 49–50, 53; Pl.'s 56.1 ¶¶ 49–50, 53; Guest Incident Report, ECF No. 24-7.) Pimentel was "calm" and, even though he "fe[lt] cramping," he did not want to seek medical treatment. (Defs.' 56.1 ¶ 60; Pl.'s 56.1 ¶ 60; Guest Incident Report, ECF No. 24-7) However, plaintiff's wife requested that her husband receive medical treatment. (Defs.' 56.1 ¶ 60; Pl.s' 56.1 ¶ 60; Team Member Witness Statement, ECF No. 24-9.) Neither Pimentel nor his wife observed anything on the floor before he slipped and fell. (Defs.' 56.1 ¶¶ 52–53, 57; Pl.'s 56.1 ¶¶ 52–53, 57.) In addition, they do not know the origin of

---

[1] The complaint also named Kingsbridge Associates as a defendant; the parties stipulated to its dismissal shortly after the commencement of this litigation. (ECF No. 8.)

the water on the floor, nor how long the water had been there before Pimentel fell. (Defs.' 56.1 ¶¶ 54–55; Pl.'s 56.1 ¶¶ 54–55; Dep. of July Pimentel dated Feb. 22, 2024 at 37:25–38:6, Ex. F to Defs.' 56.1, ECF No. 24-6.)

A year after he fell, Pimentel filed this action in New York Supreme Court, Bronx County, claiming that Target's negligence in maintaining the store "caused [him] to fall and sustain injuries." (Am. Compl. ¶ 65, ECF No. 1-2.) Target removed the action to this Court pursuant to 28 U.S.C. § 1441(a). (Notice of Removal, ECF No. 1.)

In the course of discovery proceedings, Target produced a video taken that day of the aisle where the incident occurred, containing thirty-eight minutes of footage from before the slip and fall as well as twenty-three minutes of footage from after. (Joel Narainsamy Aff. ¶ 5, ECF No. 24-4; Video of Incident, ECF No. 24-5; Defs.' 56.1 ¶ 16; Pl.'s 56.1 ¶ 16.) The video depicts other customers and Target employees in the very aisle where Pimentel fell. (Defs.' 56.1 ¶¶ 17–34; Pl.'s 56.1 ¶¶ 17–34.[2]) Karoline Reyes, the Closing Executive Team Leader at the Target store in question on the night of the incident, testified to the adequacy of a formal safety walk conducted by Justin Bratheim, a Target Security Specialist, (Dep. of Karoline Reyes dated July 26, 2024 at 24:9–16, 29:12–24, Ex. B to Defs.' 56.1, ECF No. 24-2), whose walk through occurred fewer than two minutes before the incident. (Video of Incident 37:36–48.) She also testified that at least five other employees in the video appear to be following Target safety protocols in walking through the store, "analyzing the floor for any spills or miscellaneous hangers, shelving, so on and so forth" at all times. (Reyes Dep. at 19:4–7; *see id.* 18:14–15, 19:8–11, 27:8–9, 28:2–16, 29:8–12, 30:5–8; Defs.' 56.1 ¶¶ 19, 21, 28, 29–30, 34.) Nothing out of the ordinary was noted either by customers or Target employees prior to Pimentel's fall.

Following the close of discovery, Target has moved for summary judgment in its favor on the grounds that "Plaintiff is unable to provide the slightest proof or evidence" that "Target breached its duty of care by creating or having notice of the alleged condition." (Mem. of Law in Supp. of Defs.' Mot. for Summ. J. ("Defs.' Mot.") 2, 5, ECF No. 23.) Target is correct in its analysis.

---

[2] Although Pimentel initially failed to submit a Rule 56.1 statement as required by the Local Rules of the Southern and Eastern Districts, Local Rule 56.1(c), rather than simply granting the motion in favor of Target, *see Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000), the Court permitted Pimentel to file a late Rule 56.1 statement. (Order, May 2, 2025, ECF No. 28.) Plaintiff's Rule 56.1 statement contains largely conclusory assertions, unsupported by admissible evidence. A "conclusory denial is wholly inadequate under Local Civil Rule 56.1(d)." *Cooper v. Gottlieb*, No. 95-cv-10543, 2000 WL 1277593, at *4 (S.D.N.Y. Sep. 8, 2000). The Court will consider plaintiff's Rule 56.1 statement to the extent it contains references to admissible evidence. *See* Local Rule 56.1(d).

## II. DISCUSSION

### A. Applicable Law

#### 1. *Summary Judgment*

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial burden of demonstrating the absence of any genuine factual issues." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993). "[W]here the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Brady v. Town of Colchester*, 863 F.2d 205, 210–11 (2d Cir. 1988).

"Once [the moving party's] burden is met, the non-moving party is obligated to produce probative evidence supporting its view that a genuine factual dispute exists. To do so successfully, the non-moving party must demonstrate more than 'some metaphysical doubt as to the material facts.'" *Aslanidis*, 7 F.3d at 1072 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [the non-moving party]." *Anderson*, 477 U.S. at 252.

"No genuine issue exists if, on the basis of all the pleadings, affidavits and other papers on file, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, it appears that the evidence supporting the non-movant's case is so scant that a rational jury could not find in its favor." *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

### 2. *Negligence under New York Law*

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quoting *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)). Target "concedes that it owed a duty to the [p]laintiff to maintain the premises in a safe condition" but contends that it did not breach that duty. (Defs.' Mot. 5.)

"The mere existence of a foreign substance, without more, is insufficient to support a claim of negligence." *Segretti v. Shorenstein Co., E.*, 256 A.D.2d 234, 234 (1998). In order to prove breach in a slip-and-fall case, a plaintiff must "establish that the defendant 'created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition which caused the fall.'" *Casiano v. Target Stores*, No. 06-cv-6286, 2009 WL 3246836, at *3 (E.D.N.Y. Sep. 24, 2009) (quoting *Bykofsky v. Waldbaum's Supermarkets, Inc.*, 210 A.D.2d 280, 281 (2d Dep't 1999)).

One way to conclude there was a breach of the duty to maintain the premises in a safe condition is to demonstrate that Target created the hazard, which requires "[f]inding . . . 'some affirmative act' on the part of the defendant." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004) (quoting *Fink v. Bd. of Educ.*, 117 A.D.2d 704, 705 (2d Dep't 1986)).

A second method to establish breach of the duty to maintain safe premises is for Pimentel to demonstrate that Target had actual notice of the hazard, which requires "showing that [Target] was aware of a dangerous condition. [A] Defendant is aware of a dangerous condition if it has either created the condition or has received reports or complaints about the condition, 'such that [it has] actual knowledge of the defect's existence.'" *Buskey v. Bos. Mkt. Corp.*, No. 04-cv-2193, 2006 WL 2527826, at *6 (E.D.N.Y. Aug. 14, 2006) (quoting *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998)).

Alternatively, plaintiff can adduce evidence that Target had constructive notice of the hazard. This requires that the defect be "visible and apparent" and have "exist[ed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. Am. Museum of Nat. Hist.*, 67 N.Y.2d 836, 837 (1986). *See, e.g.*, *Gonzalez*, 299 F. Supp. 2d at 192; *Ghali v. Wal-Mart Stores E.*, No. 18-cv-2495, 2019 WL 1745704, at *7 (S.D.N.Y. Apr. 18, 2019). "An inspection within the hour of an accident is generally sufficient under New York law to show lack of constructive notice." *Henry v. Target Corp.*, No. 16-cv-8416, 2018 WL 3559084, at *5 (S.D.N.Y. July 24, 2018).

B.  **Pimentel Has Not Presented Any Evidence to Create a Question of Fact Regarding Defendant's Negligence**

   1.  *Creation*

Pimentel has produced no evidence that Target created the condition that caused Pimentel to fall. *Gonzalez*, 299 F. Supp. 2d at 192. It is undisputed that Pimentel does not know the origin of the water on the floor, (Defs.' 56.1 ¶ 55; Pl.'s 56.1 ¶ 55), and there is not a scintilla of evidence in this record as to how the water found its way there.[3]

"A plaintiff cannot avoid summary judgment through mere speculation and conjecture regarding how a defendant may have created a particular hazard." *Cousin v. White Castle Sys., Inc.*, No. 06-cv-6335, 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009). In sum, Pimentel cannot show that a genuine dispute of material fact exists as to whether Target created the dangerous condition at issue.

   2.  *Actual notice*

Pimentel has similarly produced no evidence that Target had actual notice of the dangerous condition. A defendant is aware of a dangerous condition if it has either created the condition or has received reports or complaints about the condition, "'such that [it has] actual knowledge of the defect's existence.'" *Buskey*, 2006 WL 2527826, at *6. There is no evidence in this record that Target had actual notice of water on the floor. There is no evidence that Target, or any of its employees, or even any of the customers seen moving through the area, was aware of the water. Thus, plaintiff has failed to present any evidence that Target was aware of the dangerous condition. *See, e.g.*, *Decker v. Middletown Walmart Supercenter Store*, No. 15-cv-2886, 2017 WL 568761, at *6 (S.D.N.Y. Feb. 10, 2017) (plaintiff failed to raise genuine issue of material fact when there was no "indication in the evidence[] that Defendant's employees had observed the substance on the ground prior to Plaintiff's fall" and "surveillance video show[ed] that [multiple]

---

[3] Pimentel contends in its memorandum that Target has not produced the entirety of the relevant video and that a spoliation charge "will be requested at trial." (Pl.'s Mem. of Law in Opp'n to Summ. J. ("Pl.'s Mem.") 6, ECF No. 26.) However, a memorandum in opposition to a motion for summary judgment is not the place to raise a discovery issue, and fact discovery closed on July 29, 2024. (ECF. No. 19.) Pimentel had made no motion to compel discovery before discovery closed, nor has plaintiff requested to make that motion now. Even if plaintiff had, "[A] party seeking to file a motion to compel after discovery has closed must . . . establish good cause. Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139-40 (S.D.N.Y. 2011) (citation omitted).

individuals walked past the area where Plaintiff fell without any indication that they noticed the substance on the ground"); *Castellanos v. Target Dep't Stores, Inc.*, No. 12-cv-2775, 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (same). Pimentel cannot show that a genuine dispute of material fact exists as to whether Target had actual notice of the dangerous condition at issue.

### 3. *Constructive notice*

Finally, Pimentel has pointed to no evidence that Target had constructive notice of the unsafe condition. Constructive notice requires a finding that the defect is "visible and apparent" and has "exist[ed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon*, 67 N.Y.2d at 837.

Plaintiff has not offered any evidence that the defect was visible and apparent. No liquid is visible in the video. As important, numerous Target employees and customers moved through the aisle of the incident in the thirty-eight minutes prior to Pimentel falling, including at least fifteen people in the two minutes leading up to it. (Defs.' 56.1 ¶¶ 17–34; Pl.'s 56.1 ¶¶ 17–34; Video of Incident 37:00–38:52.) There is no evidence that anyone, including plaintiff and his wife, noticed the water. (Defs.' 56.1 ¶¶ 53, 57; Pl.'s 56.1 ¶¶ 53, 57.) Indeed, Pimentel testified, "If I would have seen the water, I wouldn't have fallen, because I wouldn't have stepped in it." (Pimentel Dep. at 77:2–4, ECF No. 24-3.) These uncontested facts doom Pimentel's argument that the condition was visible or apparent. "[C]ourts have found insufficient evidence to raise a triable issue of fact regarding whether a condition was visible and apparent where a plaintiff did not see the condition prior to a fall, or offer evidence that others saw the condition prior to the fall." *Decker*, 2017 WL 568761, at *7 (collecting cases).

In addition, there is no evidence that the water was on the floor for a sufficient length of time prior to the accident to permit Target to discover and remedy it, even if it had been visible or apparent. Pimentel testified that the water was "very clear" and that there were "no black marks, or discoloration, or footprints in it . . . ." (Pimentel Dep. 77:5–10.) *See, e.g., Rivera v. Target Dep't Store, Inc.*, No. 15-cv-7846, 2017 WL 2709745, at *7 (S.D.N.Y. June 22, 2017) ("Plaintiff offers no circumstantial evidence concerning the condition of the puddle—such as the presence of debris, footprints or trackmarks—from which the duration of its existence can be inferred."); *Casiano*, 2009 WL 3246836, at *4 (same); *Cousin*, 2009 WL 1955555, at *8 (same). When a plaintiff does "not notice the puddle and . . . provide[s] no evidence regarding for how long the [liquid] had been on the floor, 'it would be speculative to infer that [the liquid] had been on the floor for an appreciable length of time.'" *Casiano*, 2009 WL 3246836, at *4 (quoting *Kraemer v. K–Mart Corp.*, 226 A.D.2d 590, 591 (2d Dep't 1996)); *see also Painchault v. Target Corp.*, No. 09-cv-1831, 2011 WL 4344150, at *4 (E.D.N.Y. Sep. 14, 2011) (granting summary judgment in

favor of defendant because, "[e]ven assuming that the spill was visible and apparent in the store's aisle, there is no evidence that it was present for any significant amount of time before Painchault slipped"); *Rivera*, 2017 WL 2709745, at *7 (granting summary judgment in favor of the defendant because "[p]laintiff has not cited any evidence establishing or even suggesting how long the puddle had been on the floor prior to plaintiff's fall").

Not only is there no evidence that the water was on the floor for any length of time, but also Target Security Specialist Justin Bratheim walked through the relevant aisle fewer than two minutes prior to the incident without reacting to any issue. (Video of Incident 37:36-48.) Defendants actually cite six separate instances of Target employees on the video walking through the aisle where the incident occurred, including Bratheim's formal safety walk. (Defs.' 56.1 ¶¶ 19, 21, 28, 29–30, 34.) Reyes testified that if any Target employee were to encounter liquid on the floor, protocol would be to "stop immediately," "stand by the spill," and call over another employee or Target's cleaning service. (Reyes Dep. at 15:20–24.) In New York, "[a]n inspection within the hour of an accident is generally sufficient under New York law to show lack of constructive notice." *Henry*, 2018 WL 3559084, at *5.

In short, there is no evidence whatsoever that the water was a visible and apparent hazard that existed for a sufficient length of time such that it could have been remedied by Target.

### III. CONCLUSION

Plaintiff has produced no evidence that defendant created, had actual notice of, or had constructive notice of, the water on the floor. Thus, no reasonable jury could conclude that Target breached the duty of care it owed Pimentel. The Court concludes this Opinion by quoting from paragraph 73 of Pimentel's and Target's Rule 56.1 statements as follows: "Plaintiff left in the ambulance and his wife continued to shop." Defendant's motion for summary judgment in its favor is granted.

Dated: New York, New York
July 2, 2025

SO ORDERED:

*Sidney H. Stein*
Sidney H. Stein, U.S.D.J.

7